UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


ALVIN B. OLESH,
    -Plaintiff


  -v-                                                Civil 7-CV-361 (AVC)

SYMETRA LIFE INSURANCE
COMPANY, et al.,
    -Defendants


## **SETTLEMENT CONFERENCE ORDER**

A settlement conference was held in this case today between the plaintiff and the state defendants. At the heart of the case is plaintiff's request for a modification of a child support order issued against him and in favor of his wife, Patricia, for monthly support payments of $12,000 in connection with divorce proceedings. The order was issued in 2003. A few months after its issuance, the Superior Court made findings that the plaintiff had become delinquent in his payments. As of November 2010, the state claims that plaintiff's delinquency was $741,144.

In approximately May 2004, plaintiff, with the state's assistance, obtained an order garnishing a $4,225 monthly annuity that Safeco Life Insurance Company (now known as Symetra) was paying to the plaintiff. The plaintiff contends that, at the time of the garnishment, he was not given notice of statutory exemptions

he was entitled to claim. Specifically, plaintiff claims that he is entitled to receive at least $2,000 per month of the proceeeds of that annuity. The plaintiff seeks a modification of the Superior Court's support order downward to reflect this $2,000 monthly payment plaintiff alleges he is entitled to receive. He has filed, and presumably has pending in the Superior Court, a motion for that modification.

It became apparent at the settlement conference that plaintiff is asking this federal court to modify a child support order entered in the Connecticut Superior Court. Further, it became apparent that there is also currently pending in that action a motion for an order of contempt, and an outstanding capias for plaintiff's arrest.

The magistrate suggested that the parties should litigate the modification request before the Superior Court which entered the order, and in which the application for the order is still pending. The state defendants indicate the have no objection to plaintiff's moving to vacate the capias, nor did the state indicate any objection to a withdrawal of the contempt motion, should it be standing as an obstacle to plaintiff's coming to Connecticut. The motion was made by plaintiff's former wife, however.

The Rooker-Feldman doctrine makes it clear that district courts do not have appellate jurisdiction over state courts. Since the underlying divorce case is already pending in Superior Court,

and that court has in personam jurisdiction over the parties, the magistrate suggested that the plaintiff should attempt to reclaim, or refile his motion for modification in that court. This is far preferable, and sensible, than asking a federal court to take up a matter that is pending before an equal, coordinate state court, in possible contravention of Rooker-Feldman, in a federal proceeding where Patricia, an arguably indispensable party, is absent. The parties have been ordered to report to the magistrate judge not later than June 7, 2011 on their progress. The plaintiff himself is excused from attending future sessions before the magistrate in view of his counsels' representations as to his serious health problems.

Counsel are reminded that if they are unable to get the relief they seek in the Superior Court, any appellate rights they have would be in the Connecticut Appellate Court. The parties shall keep the undersigned apprised of all developments. The pending case shall proceed in accordance with existing deadlines.

**SO ORDERED this 7th day of March, 2011.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**